# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCILA PENA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,[1]<br><br>　　　　　Defendant.<br>_____/ | Case No.  1:19-cv-00780-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT BE GRANTED IN PART**<br><br>(Doc. 21) |

After successfully obtaining reversal of an Administrative Law Judge ("ALJ")'s decision denying her application for Social Security disability benefits, Plaintiff filed an application for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $11,206.65 in attorney's fees and $461.45 in costs and expenses. (*See* Doc. 21.)

On December 11, 2020, the Commissioner filed an opposition asserting that the number of hours sought is unreasonable and should be reduced accordingly. (Doc. 25.) In response, Plaintiff filed a reply brief, in which she requests an additional $2,315.82 in attorney's fees and $82.50 in expenses. (*See* Doc. 26.) In total, Plaintiff requests $13,522.47 in attorney's fees and $543.95 in costs and expenses. (*See id.*)

For the reasons set forth below, the Court recommends that Plaintiff's application for EAJA

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on June 20, 2019). He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

fees and expenses be GRANTED IN PART.

## I.     BACKGROUND

Plaintiff filed this action on June 3, 2019, seeking judicial review of a final administrative decision denying her application for Social Security disability benefits. (Doc. 1.) On July 9, 2020, the undersigned found that the ALJ's decision was not supported by substantial evidence based on the ALJ's errors in his evaluations of the medical opinion evidence, Plaintiff's testimony, and lay witness testimony, and recommended that the ALJ's decision be reversed, the case be remanded for further proceedings, and judgment be entered in favor of Plaintiff. (Doc. 18.) On October 5, 2020, the District Judge adopted in full the undersigned's recommendation. (Doc. 19.)

On November 11, 2020, Plaintiff filed a motion for EAJA fees and expenses, contending she is the prevailing party in this litigation and seeking a total award of $11,668.10 payable to her attorney Barbara Marie Rizzo. (*See* Doc. 21 at 12 (requesting $11,206.65 in attorney fees and $461.45 in costs and expenses).) The Commissioner filed an opposition asserting that Plaintiff spent an unreasonable number of hours on this case. (Doc. 25 at 2–6.) Specifically, the Commissioner contends the amount of time Plaintiff's counsel time should be reduced because counsel "borrowed heavily" from her confidential letter brief when drafting her motion for summary judgment. (*See id.* at 2–5.) The Commissioner also contends that the Court should order any fees awarded be paid to Plaintiff, rather than her attorney, pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010). (*See id.* at 6–7.)

It is Plaintiff's motion for attorney's fees and expenses under the EAJA that is currently pending before the Court.

## II.     LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274

1  F.3d 1255, 1258 (9th Cir. 2001).

2        A "party" under the EAJA is defined as including "an individual whose net worth did not
3  exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term
4  "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The
5  statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing
6  party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the
7  case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) &
8  2412(d)(2)(D)).

9        A party who obtains a remand in a Social Security case is a prevailing party for purposes of
10 the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993) ("No holding of this Court has ever
11 denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four
12 of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for
13 disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her
14 benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."
15 *Gutierrez*, 274 F.3d at 1257.

16                       **III.    ANALYSIS**

17       There is no dispute that Plaintiff is the prevailing party in this litigation. Moreover, the Court
18 finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two
19 million dollars when this action was filed. Plaintiff seeks an award of $13,522.47 in attorney fees,
20 comprised of 65.8 hours of attorney time, payable to her attorney Ms. Rizzo. (*See* Docs. 21 & 26.)
21 The Commissioner does not dispute that his position is not substantially justified but contends that
22 the hours Plaintiff requests are unreasonable given that Plaintiff's opening brief "borrowed heavily
23 from her confidential letter" and some of the requests were for non-compensable clerical tasks under
24 the EAJA. (Doc. 25 at 2–6.) The Court thus considers below whether Plaintiff's request for attorney
25 fees and expenses is reasonable.

26 **A.   Attorney Fees**

27       The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A).
28 By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts

3

are permitted to adjust the rate to compensate for increases in the cost of living.[2]  28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147–49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'"  *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id*. at 989.  Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do.  *Hensley*, 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The court must "provide a concise and clear explanation of the reasons" for its attorney award calculation.  *Hensley*, 461 U.S. at 433, 437; *Sorenson*, 239 F.3d at 1145.  A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary.  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).  "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Plaintiff initially requested compensation for a total of 54.6 hours of attorney time but increased that request by 11.2 hours to account for the time required to research and draft a reply to the Commissioner's opposition to her fee request. (*See* Doc. 21 at 2; Doc. 26 at 10.)  The tasks completed by Plaintiff's counsel Ms. Rizzo include reviewing the ALJ's decision and the administrative record that was approximately 941 pages; drafting Plaintiff's confidential letter brief, opening brief, and reply brief; and preparing the request for EAJA fees now pending before the

---

[2] In accordance with the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living.   The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last accessed Jan. 21, 2021).  The statutory maximum rates as set forth by the Ninth Circuit for 2019 and 2020 are $205.25 and $207.78, respectively.

Court and drafting a reply to the Commissioner's opposition. (*See id.*)

### 1. Clerical Tasks

Work that is "clerical in nature . . . should [be] consumed in firm overhead rather than billed." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Kirk v. Berryhill*, 244 F. Supp. 3d 1077, 1084 (E.D. Cal. 2017) ("clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable") (quoting *Bakewell v. Astrue*, No. 3:10–cv–01525–JE, 2013 WL 638892, at * 3 (D. Or. Jan. 9, 2013)). Courts in the Ninth Circuit have determined tasks such as preparing documents for representation and service documents, drafting the complaint, completing the form related to magistrate judge jurisdiction, and reviewing document receipts from the Court are clerical in nature. *See, e.g.*, *Kirk*, 244 F. Supp. 3d at 1084 (finding that time "spent preparing documents for representation (.5), drafting and filing the complaint and other initiating documents (.8), completing and filing a consent to proceed before a magistrate judge form (.1), and drafting letters and preparing documents related to representation and service of process (1.1), . . . could have been completed by experienced support staff"); *Hicks v. Comm'r of Soc. Sec.*, No. 2:17–CV–02480–TLN–KJN, 2019 WL 2537953 (E.D. Cal. June 20, 2019) (deducting "time spent on purely clerical or secretarial tasks [ ]such as receiving and reviewing routine notices and filings"), *report and recommendation adopted*, No. 2:17–CV–02480–TLN–KJN, 2019 WL 3530386 (E.D. Cal. Aug. 2, 2019). Thus, such tasks should be omitted from the fee award. The Court therefore recommends that 1.6 hours, consisting of 0.1 hour for reviewing documents filed by the Court, 1.0 hour for preparing documents for representation and drafting a letter to the client, 0.3 hour for drafting the complaint and civil cover sheet, 0.1 hour for preparing documents for service, and 0.1 hour for preparing the form related to magistrate judge jurisdiction, be deducted.

### 2. Time Expended on Briefing

The Commissioner contends the fee award should be reduced due to duplicative work between Plaintiff's confidential letter brief and her opening brief. (Doc. 25 at 2–5.) Specifically, the Commissioner notes the letter brief "was 7 single-spaced pages" and asserts that "Plaintiff's opening brief copied word for word from the settlement letter for much of the entire argument."

5

(Doc. 25 at 3.) The Commissioner thus contends that the 19.4 hours requested for drafting the opening brief should be reduced by 9.4 hours, the amount of time Ms. Rizzo spent reviewing the administrative record (4.4 hours) and drafting the letter brief (5.0 hours). (Doc. 25 at 4–5.) Plaintiff responds that her "opening brief was not copied 'word for word' from her confidential brief," explaining that "[b]y necessity, [Plaintiff] raised the same arguments in the [opening brief] that she outlined in the letter brief," but she "expanded these arguments" and also added another argument not raised in the letter brief. (Doc. 26 at 4.)

After reviewing the letter brief[3] and opening brief, the Court finds that there is substantial overlap between the two. The arguments in the letter brief were copied into the opening brief largely without any significant changes, forming the basis for the argument section in the opening brief. *Compare* Doc. 25-1 *with* Doc. 13. The Court, however, observes that Ms. Rizzo did include new arguments and expand upon some of the existing ones by adding more case citations and facts. *Compare* Doc. 25-1 *with* Doc. 13 (*e.g.*, no sections on "Naps" and "Side Effects of Medication" in the letter brief). Accordingly, the Court recommends a deduction of 5.0 hours, which is the amount of time spent drafting the letter brief. *See Spitzer v. Saul*, No. 1:17–CV–01736–DAD–JLT, 2020 WL 1970064 (E.D. Cal. Apr. 24, 2020), *report and recommendation adopted*, No. 1:17–CV–01736–DAD–JLT, 2020 WL 2571383, at *4 (E.D. Cal. May 21, 2020) (deducting 9.9 hours for duplicative work between the letter brief and opening brief). The remaining 14.4 hours appear reasonable for new work completed on the opening brief, including a second review of the 941-page administrative record, summarizing the medical record and hearing testimony, and researching and drafting new arguments.

**3.  The EAJA Motion**

Under the EAJA, a prevailing party is entitled to fees incurred in protecting the EAJA fee

---

[3] The Court notes the letter briefs exchanged between claimants and the Commissioner are exchanged for settlement purposes and confidential, but the Ninth Circuit has held that "courts "may consider evidence of a settlement offer to the degree such evidence is relevant to the calculation of reasonable attorney's fees." *In re Kekauoha-Alisa*, 674 F.3d 1083, 1094 (9th Cir. 2012); *see also Spitzer v. Saul*, No. 1:17–CV–01736–DAD–JLT, 2020 WL 1970064 (E.D. Cal. Apr. 24, 2020), *report and recommendation adopted*, No. 1:17–CV–01736–DAD–JLT, 2020 WL 2571383, at *3 (E.D. Cal. May 21, 2020) ("it was not improper for the Commissioner to submit Plaintiff's letter brief to challenge the reasonableness of the fees requested by Plaintiff").

award in subsequent litigation by the Government over the amount of the fee award. *See Comm'r INS v. Jean*, 496 U.S. 154 (1990); *see also Love v. Reilly*, 924 F. 2d 1492, 1497 (9th Cir. 1991). Plaintiff seeks 4.0 hours for time spent drafting the EAJA fee motion and declaration in support. (Doc. 22-2 at 3.) After independently reviewing the individual time entries on the timesheets submitted by Ms. Rizzo (*see id*.), the Court deducts 2.5 hours from the time spent on the EAJA motion and declaration. Having now reviewed several EAJA fee motions submitted by Ms. Rizzo, it has become apparent to the Court that these motions and their accompanying declarations are substantially similar. *Compare, e.g.*, Doc. 21 *with Hicks v. Berryhill*, No. 2:17–cv–02480–TLN–KJN, Doc. 29 (filed April 9, 2019), *and Greer v. Berryhill*, No. 1:15–cv–00042–JLT, Doc. 25 (filed Nov. 10, 2017). While Ms. Rizzo is entitled to compensation for preparing her motion and declaration, the repetitive nature of these items warrants a reduction in time, as was explained to her in another of her cases. *See Greer*, 2018 WL 3197792, at \*6 (E.D. Cal. June 26, 2018) (finding 1.5 hours was "a reasonable time for Ms. Rizzo to review the cases cited in her prior motion and complete additional research prior to making minimal changes to the boilerplate motion and her declaration."). She will therefore be allowed 1.5 hours for this task. *See, e.g.*, *Lopez v. Astrue*, 2012 WL 2052146, at \*5 (E.D. Cal. June 6, 2012) (observing "the similar nature of . . . EAJA petitions and billing statements" filed by counsel, and awarding 1.5 hours for the work related to the EAJA motion); *Fontana v. Astrue*, 2011 WL 2946179 at \*3 (E.D. cal. July 21, 2011) (allowing 1.5 hours for preparation of the EAJA application).

Plaintiff also requests an additional 11.2 hours for time spent drafting the reply brief in support of the EAJA motion. (Doc. 26 at 10; Doc. 26-1.) The Commissioner contends that this Court "should disallow fees for time spent on any reply brief" if the Court agrees with the Commissioner's arguments in his opposition. (Doc. 25 at 6.)

As noted above, Plaintiff is entitled to compensation for fees incurred in litigating the EAJA fee award where the Commissioner opposes the amount requested. However, the Court finds the 11.2 hours expended on the reply brief to be unreasonable and excessive, particularly in light of the 5.0 hours expended drafting the seven-page, single-spaced letter brief, which raised five legal arguments. (*See* Doc. 25-1.) The reply brief is twelve pages and addresses four legal issues. (Doc.

26.)  The Court notes that the first issue addressed in the reply—"The SSA's Position Was Not Substantially Justified"—was not contested by the Commissioner.  (*See* Doc. 25 at 2 (stating that "the Commissioner does not dispute substantial justification"); Doc. 26 at 2.)   The remaining issues—involving reasonableness of the fee award due to duplicative work, reimbursement for costs and fees, and direct payment of the award to Plaintiff's attorney—and case law in the opposition and reply are not particularly unique or novel.  Indeed, a review of past replies filed by Ms. Rizzo reveals that several portions of the reply in this case are substantially similar to briefing used in past filings.  *Compare* Doc. 26 *with Greer*, No. 1:15–cv–00042–JLT, Doc. 29 (filed Jan. 2, 2018) (arguments involving costs and expenses and direct payment); *Armstrong v. Commissioner of Social Security*, No. 2:14–cv–01305–MCE–KJN, Doc. 33 (filed Nov. 23, 2015) (same); *Hicks*, No. 2:17–CV–02480–TLN–KJN, Doc. 35 (filed May 20, 2019) (arguing that the Commissioner failed to demonstrate unreasonableness).

Accordingly, the Court recommends a reduction of 5.0 hours for time expended on the reply. *See Alvarado v. Comm'r of Soc. Sec.*, No. 1:17–CV–00526–EPG, 2018 WL 3469064, at *4 (E.D. Cal. July 16, 2018) (finding 4.1 hours for preparation of six-page reply brief excessive and allowing 3.1 hours instead where the issues raised were "not unique or novel" and the plaintiff's counsel had briefed the same issues in past EAJA motions); *Guillen v. Colvin*, No. CV 13–8170 RNB, 2014 WL 7185330, at *4–5 (C.D. Cal. Dec. 15, 2014) (finding 3.74 hours for preparation of four-page reply brief excessive and allowing 1.5 hours instead; "the Reply did not appear to have been created out of whole cloth . . . . and relied upon general legal principles that are widely known and that plaintiff's counsel would also have cited in connection with other EAJA motions").  The remaining 6.2 hours appear reasonable for any additional research and drafting necessary to complete the reply.

### 4. Amount to Be Awarded

With the deductions set forth above, Ms. Rizzo expended 51.7 hours of compensable work in this action on behalf of Plaintiff, which the Court finds to be reasonable considering the tasks performed by counsel and the results achieved.  Plaintiff requests a rate of $205.25 for all work except the EAJA reply, for which she requests a rate of $206.77.  (*See* Doc. 21 at 9, 11; Doc. 26 at

10.) Accordingly, Plaintiff is entitled to an award of $10,620.85.[4]

**B.     Costs and Expenses**

Plaintiff also requests $543.95 in costs and expenses for the filing fee, photocopying, postage, and electronic legal research. (*See* Docs. 22-3 & 26-1.) Counsel's costs and expenses may be reimbursed pursuant to the EAJA. *See* 28 U.S.C. § 2412(a)(1), (d)(1)(A). Photocopying and postage costs are compensable only to the extent that they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "[C]opies sent by mail to plaintiff are part of counsel's overhead." *Lara v. Berryhill*, No. 2:17–CV–02208–AC, 2019 WL 1380148, at *3 (E.D. Cal. Mar. 27, 2019). Plaintiff has not shown that the photocopies and postage were necessary for purposes of this litigation, so expenses for copies made for and mailed to the client will be deducted, resulting in a deduction of $20.70.[5]

**C.     Payment of Fees to Plaintiff**

Finally, the Commissioner requests that any fee award be made to Plaintiff. (Doc. 25 at 6–7.) *Astrue v. Ratliff*, 560 U.S. 586 (2010), requires fees awarded under the EAJA to be paid directly to the litigant. However, courts in this district routinely order payment directly to counsel so long as the plaintiff does not have a debt that is subject to offset and she assigned her right to EAJA fees to counsel. *See Young v. Berryhill*, No. 2:14–cv–2585–EFB, 2017 WL 4387315, at *3 (E.D. Cal. Oct. 3, 2017) (collecting cases). Here, Plaintiff assigned her right to EAJA fees to her attorney. (Doc. 22-1.) Accordingly, if Plaintiff does not have a debt that is subject to offset, the award of fees may be paid directly to counsel.

### IV.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court hereby RECOMMENDS that:

1. Plaintiff's motion for EAJA fees and expenses be GRANTED IN PART;
2. Plaintiff be awarded attorney fees in the amount of $10,620.85 and costs and expenses in the amount of $523.25;

---

[4] This amount was calculated by multiplying the time spent on the EAJA reply (6.2 hours) by 206.77, multiplying the remaining compensable time (45.5 hours) by 205.25, and adding the two values.

[5] One-half of the reported amount was deducted for entries indicating that a document was copied and mailed to both Plaintiff and the Court or an agency, and one-third deducted for documents copied and mailed to Plaintiff and two agencies.

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt; and

4. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government be directed to accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

These findings and recommendation are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **twenty-one (21) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 27, 2021**                    /s/ *Sheila K. Oberto*                    
                                                  UNITED STATES MAGISTRATE JUDGE