**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCILA PENA,<br><br>        Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>        Defendant. | No. 1:19-cv-00780-JLT-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 29) |

### I.     INTRODUCTION

On July 9, 2024, Barbara Marie Rizzo ("Counsel"), counsel for Plaintiff Lucila Pena ("Plaintiff"), filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("section 406(b)"). (Doc. 29). On July 10, 2024, the Court issued a minute order requiring Plaintiff and the Commissioner of the Social Security Administration (the "SSA") to file their responses in opposition or statements of non-opposition to Counsel's motion, if any, in accordance with this Court's local rules. (Doc. 32). Plaintiff and the Commissioner were served with copies of the motion for attorney's fees. (Doc. 33).

On July 17, 2024, the Commissioner filed a response, acknowledging it has "no direct financial stake in the outcome" of the motion, and therefore "neither supports nor opposes

Counsel's request for attorney's fees . . . under 42 U.S.C. § 406(b)." (Doc. 34 at 1-2). Plaintiff did not file any objection to the motion by the deadline, and no reply brief was filed. (*See* Docket).

For the reasons set forth below, Counsel's motion for an award of attorney's fees is granted in the amount of $23,243.00, subject to an offset of $10,620.85 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on July 28, 2020 (*see* Docs. 27, 28).

## II.     BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act on June 3, 2019. (Doc. 1). The Court reversed the Commissioner's denial of benefits and remanded the case to the agency for further proceedings on October 5, 2020. (Doc. 19, 20). On remand, the SSA found Plaintiff was entitled to disability benefits beginning in November 2014, and her total past due benefits award from November 2014 through September 2020 totaled $92,975.00.

On November 11, 2020, Plaintiff filed a motion for attorney's fees under the EAJA, which was granted in part in the amount of $10,620.85. (Doc. 27, 28). On July 9, 2024, Counsel filed a motion for attorney's fees in the amount of $23,243.00 with an offset of $10,620.85 for the EAJA fees already awarded.[1] (Doc. 29, 30). It is Counsel's motion for attorney's fees that is currently pending before the Court.

## III.     DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and

---

[1] At the time the SSA informed Plaintiff that she was entitled to past-due benefits, it also stated that it was withholding those benefits because it may be required to reduce them if she received Supplemental Security Income ("SSI") during the relevant period. The SSA sent a letter to Plaintiff in August 2021, stating its records showed Plaintiff did not receive any SSI payments during the relevant period, and therefore, the SSA would not reduce her benefits. Plaintiff's counsel, however, did not receive a copy of this letter until June 2024, thereby delaying counsel's ability to file a motion for attorney's fees under § 406(b).

2

> allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Acting Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25 percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has

3

identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807–08).

Here, the fee agreement between Plaintiff and Counsel's law firm, signed by both parties, provides in pertinent part:

> Client agrees that Attorney shall charge and receive as the fee in an equal amount to twenty-five percent (25%) of the past-due benefits that are awarded to her and any of her family members in the event her case is won either in U.S. District Court or on subsequent remand proceedings at the Social Security Administration. Client understands that in a social security disability case, the Social Security Administration will hold out 25% of the past-due disability benefits and sent eh approved fee to her attorney. Client understands that no legal fees will be due unless Client receives a favorable decision from the U.S. District Court or a favorable decision from the Social Security Administration upon remand proceedings. Client understands that the legal fees agreed to in this Fee Agreement are separate and distinct from any other agreement Client may have with any other representative(s) on her claim for Social Security disability benefits. Client also understands that the Attorney's fee must be approved by the U.S. District Court for representation in U.S. District Court. Client understands that the total fee could amount to several thousand dollars. Client understands that Attorney is accepting her case because of the possibility of obtaining substantial attorney fees. Client agrees to cooperate in any way that she can so that the Attorney's full fee is authorized. Client understands that the entire Attorney's fee may be paid from her past-due benefits. However, a court may order the government to pay some attorney fees pursuant to the Equal Access to Justice Act (EAJA). If this happens, Client herby assigns any court-awarded EAJA attorney fees, costs, and expenses to Attorney. Client also herby authorized Attorney to endorse and cash any EAJA award check in the event that the check is made payable to Client.

(Doc. 30-1 at 1-2) (signed on May 11, 2019).

The Court has considered the character of Counsel's representation of Plaintiff and the good results achieved by Counsel, which included an award of benefits. Counsel spent 49.5 hours litigating the merits of Plaintiff's case, ultimately gaining a favorable decision in that the Commissioner's decision was reversed and remanded to the agency for reconsideration. Upon

4

reconsideration, the SSA awarded Plaintiff a substantial past-due benefits award totaling more than $92,000. There is no indication that a reduction of the award is warranted due to any substandard performance by Counsel, as Counsel secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in delay.

The accepted hourly fee range in the Fresno Division in non-contingency fee cases is between $75 and $150 for paralegals; between $200 and $575 for associates; and between $675 and $750 for senior counsel and partners. *See Kang v. Credit Bureau Connection, Inc.*, No. 1:18-CV-01359-SKO, 2023 WL 6811994, at *12 (E.D. Cal. Oct. 16, 2023) ("The Court has performed a comprehensive survey of attorney fees awarded in the Eastern District and finds current hourly rates range from $200 to $750 . . . .") (collecting cases); *id*. at *13 ("Paralegal rates within the Eastern District range from $75 to approximately $150.00 per hour, depending on experience."). *See also Mathein v. Pier 1 Imports (U.S.), Inc*., No. 1:16-CV-00087-DAD-SAB, 2018 WL 1993727, at *11 (E.D. Cal. Apr. 27, 2018); *Emmons v. Quest Diagnostics Clinical Labs., Inc*., No. 1:13-CV-00474-DAD-BAM, 2017 WL 749018, at *8 (E.D. Cal. Feb. 27, 2017) (accepting hourly rates between $330 and $550 for associates, and $500 and $720 for partners). Here, the effective hourly rate requested of $469.56 is within this range (*see* Doc. 22 at 3). This hourly rate is also not excessive when compared to what the Ninth Circuit has approved in cases involving social security contingency fee arrangements. *See Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902); *see also Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09-cv-0490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work); *Villa v. Astrue,* No. CIV-S−06-0846-GGH, 2010 WL 118454, at *1−2 (E.D. Cal. Jan. 7, 2010) (approving section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business"). Further, attorney's fees in the amount of $23,243.00 do not exceed 25% of the past-

due benefits awarded and are not excessive in relation to the past-due award. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12-cv-01030-AWI-SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12-cv-00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL 587096, at *2 (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500).

In making this determination, the Court recognizes the contingent-fee nature of this case and Counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. (Doc. 30-1). Working efficiently and effectively, Counsel secured a remand, and ultimately, the award of substantial benefits to Plaintiff.

An award of attorney's fees in the amount of $23,243.00 is, therefore, appropriate. An award fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. As Plaintiff was previously awarded $10,620.85 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

### IV. CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Counsel pursuant to section 406(b) are reasonable.

Accordingly, IT IS ORDERED that:

1. Counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $23,243.00 (Doc. 29) is granted;

2. Counsel shall refund to Plaintiff $10,620.85 of the fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) (Docs. 27, 28); and

3. Counsel for Plaintiff shall file on the Court's docket proof of service of this order upon Plaintiff at her current or last known address.

IT IS SO ORDERED.

Dated:  **July 25, 2024**                             /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE